

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

03 NOV 18 AM 9: 40

DISTRICT COURT
N.D. OF ALABAMA

REM SERVICES, INC.,  ]
  ]
   Plaintiff,  ]
  ]
vs.  ]  CV-03-CO-2559-W
  ]
VERMEER OF OKLAHOMA, INC.,  ]
et al.,  ]
  ]
   Defendants.  ]

ENTERED
NOV 18 2003

## MEMORANDUM OF OPINION

I.   Introduction.

Presently before the court is a motion to remand, filed by Plaintiff on October 14, 2003. [Doc. # 6.] Upon due consideration, and for the reasons that follow, the court is of the opinion that the motion is due to be granted.

II.   Factual Summary.

Plaintiff, REM Services, Inc., ("REM"), filed its complaint against the defendants in the Circuit Court of Greene County, Alabama. Defendants removed this action on the 17th day of September 2003, pursuant to 28



U.S.C. § 1441. The defendants assert in their notice of removal [Doc. # 1] that this court has original jurisdiction of this case under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties. 28 U.S.C. § 1332 does confer jurisdiction on the Federal District Courts in cases between citizens of different states when the jurisdictional amount is met. Plaintiff argues that complete diversity does not exist because of the inclusion of Vermeer Sales and Service, Inc., ("Vermeer S&S"), as a defendant in the originally filed complaint. Defendants assert that Vermeer S&S should not be considered in determining diversity because Vermeer S&S was fraudulently joined to avoid diversity.

III.   Discussion.

This court must determine whether the parties are completely diverse, and whether the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). It is clear from the complaint and the lack of argument from the plaintiff that the jurisdictional amount is met. This court will therefore turn to the question of diversity. Because the defendants removed this action, they have the burden of establishing the

propriety of subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

This court looks to *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553 (11th Cir. 1989) for the test to be applied when it is alleged that a non-diverse party is fraudulently joined.

> The test for determining whether or not a defendant has been fraudulently joined is twofold: (1) look to see whether there is no possibility the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court.

*Cabalceta* at 1561.

This is indeed a difficult burden for the removing party to meet. The height of the bar is raised further by the fact that "[i]n addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." Id. at 1561.

Defendants do not contend that the plaintiffs fraudulently pled jurisdictional facts in their complaint but instead rely on the first prong of the test described in *Cabalceta*. Therefore, the question presented to this court is whether the defendants carry the burden of proving that "there is

no possibility the plaintiff can establish any cause of action against the resident defendant[?]"

REM alleges in paragraph 18 of its complaint that Vermeer S&S

> . . . represented that it would perform the repairs, that it could do them right away, and to bring the equipment up from Boligee, Alabama. Upon transporting the equipment to Birmingham, Alabama, Vermeer Sales and Services, Inc., refused to perform the work causing Plaintiff to expend effort and time in the transportation and to lose (sic) of profits, until someone from Vermeer Manufacturing Company would come to Alabama to repair the defective equipment.

Defendants argue that this court should find that there is no liability against Vermeer S&S, on the basis of affidavits they presented, and thus conclude that Vermeer S&S was fraudulently joined. In order for this court to conclude such, it would require that this court make a determination of the merits of the claim. Defendants acknowledge in their brief that "it is not proper for this Court to try the merits of a case in a Motion to Remand hearing." [Defendants' Brief ¶ 6]. [Doc. # 10]. "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Crowe v. Coleman*, 113 F.3d 1536,

1540 (11th Cir. 1997). "For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant." *Crowe at 1541*. The Eleventh Circuit has gone as far as to require that "[d]oubts as to whether removal of an action is permissible should be resolved against removal." *Key Bank U.S.A., N.A. v. First Union Nat. Bank of Florida*, 234 B.R. 827, 829 (M.D. Fla. 1999) (citing *Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir. 1994)).

IV. Conclusion.

In sum, this court is of the opinion that it does not have diversity jurisdiction over the claims against the defendants. This case will be remanded to the Circuit Court of Greene County, Alabama, whence it was improvidently removed. A separate order will be entered.

Done, this 17 day of November, 2003.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE